UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frank W. Mitchell, III,<br>Plaintiff,<br><br>v.<br><br>Lauretano Sign Group, Incorporated,<br>Defendant. | CASE NO.: 2:25-cv-13792-BHH-MGB<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. Charge of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

    b. All Notifications of the Right to Sue were received from the EEOC on or about September 24, 2025.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Frank W. Mitchell, III, is a citizen and resident of the State of South Carolina and resides in Dorchester County, South Carolina.

4. Defendant, Lauretano Sign Group, Incorporated, upon information and belief, is a foreign corporation organized in the State of Connecticut and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about November 16, 2023, the Plaintiff began working for Defendant as a Fabricator.

11. The Plaintiff had previously been diagnosed with blindness in his right eye. Because of this condition, the Plaintiff is a person with a disability as defined by the ADA.

12. During the course of his employment, Plaintiff was discriminated against on the basis of his disability by his manager, David Castrejon.

13. The Plaintiff had been working for the Defendant for approximately one year, and the Defendant knew about the Plaintiff's disability when he was hired. Defendant initially accommodated the Plaintiff. The Defendant was allowing the Plaintiff to leave work at 3:30 p.m. so that he did not have to drive in heavy traffic or after dark. The Plaintiff provided Defendant with a Doctor's Note regarding not driving in heavy traffic or after dark.

14. On or about October 22, 2024, Mr. Castrejon began giving the Plaintiff a hard time and started asking Plaintiff to stay after 3:30 p.m. because his work was not being completed as fast as other employees, as well as intentionally giving him work orders with smaller print, so that the Plaintiff could not read them.

15. In or around November 2024, Mr. Castrejon asked Plaintiff to provide proof of his disability. The Plaintiff's eye doctor had retired, so the Plaintiff asked for some time to try and get in with another doctor. The Plaintiff wrote a letter with his concerns of discrimination to Defendant.

16. In retaliation for requesting accommodation, the Plaintiff was terminated on or about November 17, 2024.

17. Any stated reasons for Plaintiff's termination were pretextual in nature. His termination, in reality, was discriminatory on the basis of his disability and in retaliation for requesting reasonable accommodations.

18. At all times relevant to this Complaint, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the ADA – Failure to accommodate**

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

21. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in Defendant's employ.

22. As a result of his disability, the Plaintiff requested the reasonable accommodation of working earlier and leaving work at 3:30 p.m. Defendant initially met the accommodation, then abruptly stopped.

23. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

24. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the ADA – Retaliation**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

27. Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

28. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

29. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

30. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

31. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
December 9, 2025.